**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6245**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT SPEARS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:08-cr-00112-JMC-3; 7:12-cv-03022-JMC)

Submitted:  September 18, 2018                     Decided:  September 20, 2018

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Dwight Lamar Spears, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight Lamar Spears seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion, denying his motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and denying his motion for a certificate of appealability. We dismiss the appeal of the orders denying Spears' § 2255 motion and his Rule 59(e) motion for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order denying Spears' § 2255 motion was entered on the docket on July 27, 2015. Spears timely filed a Rule 59(e) motion, which tolled the time for filing a notice of appeal. The district court's order denying Spears' Rule 59(e) motion was entered on the docket on June 29, 2017. Although Spears filed a motion for a certificate of appealability on July 17, 2017, that motion did not toll the appeal period. Fed. R. App. P. 4(a)(4)(A). The notice of appeal was filed on March 6, 2018.[*] Because

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

Spears failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of the orders denying Spears' § 2255 motion and denying his Rule 59(e) motion.

The district court's order denying Spears' motion for a certificate of appealability is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Spears has not made the requisite showing. Accordingly, we deny Spears' motion for a certificate of appealability, deny Spears' motion for summary reversal, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3